**DEPUY SPINE, INC., f/k/a Depuy Acromed, Inc. and Biedermann Motech GMBH, Plaintiffs**

v.

**MEDTRONIC SOFAMOR DANEK, INC., f/k/a Sofamor Danek Group, Inc., and Medtronic Sofamor Danek Usa, Inc., Defendants.**

**Civil Action No. 01–10165–EFH.**

United States District Court, D. Massachusetts.

Oct. 3, 2007.

Allan W. Jansen, Jones, Day, Reavis & Pogue, Irvine, CA, Calvin P. Griffith, Patrick J. Norton, Robert L. Canala, Robert C. Kahrl, Thomas R. Goots, Jones Day, Isaac A. Molnar, Jones, Day, Reavis & Pogue, Cleveland, OH, Joseph F. Shea, Scott E. Erlich, Nutter, McClennen & Fish, LLP, Boston, MA, Greer N. Shaw, Luke L. Dauchot, Robert G. Krupka, Kirkland & Ellis LLP, Los Angeles, CA, for Plaintiffs.

David E. Marder, Dirk D. Thomas, Jason R. Buratti, Lisa A. Furnald, Robins, Kaplan, Miller & Ciresi L.L.P., Boston, MA, Robert A. Auchter, Andre J. Bahou, Kenneth A. Freeling, Dewey Ballantine LLP, Washington, DC, Brian K. Erickson, Dewey Ballantine LLP, Austin, TX, for Defendants.

## MEMORANDUM

HARRINGTON, Senior District Judge.

On September 11, 2007, this Court issued a Memorandum and Order ruling that the defendants' ensnarement defense was a question of law to be litigated in a separate proceeding before the Court. The Court issues this Memorandum to explain in greater detail the Court's reasoning.[1]

---

1. The Memorandum and Order reads as follows: "The Federal Circuit has on more than one occasion stated that ensnarement is a question of law. *See, e.g., Wilson Sporting Goods v. David Geoffrey & Assoc.,* 904 F.2d 677, 683 (Fed.Cir.1990) (citing *Loctite Corporation v. Ultraseal Ltd.,* 781 F.2d 861, 870 (Fed.Cir.1985)) ("[W]hether an asserted range of equivalents would cover what is already in the public domain[ ] is one of law."). Although the defendants suggest that ensnarement should be treated in a manner similar to obviousness, the case law more explicitly links ensnarement with the prosecution history estoppel defense; both are limits on the applicability of the doctrine of equivalents and both are "applied as questions of law." *Loctite Corporation,* 781 F.2d at 870. The Court concludes that ensnarement, like prosecution history estoppel, "is a matter to be determined by the court," even if there are underlying facts that must be determined. *Festo Corporation v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,* 344 F.3d 1359, 1369 (Fed.

■ The question before the Court is whether the ensnarement defense is question of law to be resolved by the Court or a question of fact to be presented to the jury. For the foregoing reasons, the Court concludes that it is a question of law to be determined by the Court.

■ "[W]hether an asserted range of equivalents would cover what is already in the public domain [ ] is one of law." *Wilson Sporting Goods v. David Geoffrey & Assoc.,* 904 F.2d 677, 683 (Fed.Cir.1990) (citing *Loctite Corp. v. Ultraseal Ltd.,* 781 F.2d 861, 870 (Fed.Cir.1985), *overruled on other grounds by Nobelpharma AB v. Implant Innovations, Inc.,* 141 F.3d 1059, 1068 (Fed.Cir.1998)). *Loctite Corp.,* upon which *Wilson* relies, states that "two policy oriented limitations [to the doctrine of equivalents], applied as questions of law, have developed. First, the doctrine will not extend to an infringing device within the public domain, *i.e.,* found in the prior art at the time the patent issued; second, prosecution history estoppel will not allow the patentee to recapture through equivalence certain coverage given up during prosecution." *Loctite,* 781 F.2d at 870. This language not only indicates that ensnarement is a question of law, but also suggests that the prosecution history estoppel defense and the ensnarement defense should be adjudicated in a similar manner. Accordingly, for further guidance on ensnarement, the Court looks to relevant case prosecution history estoppel case law.

■ The Federal Circuit has recognized that "as a legal limitation on the application of the doctrine of equivalents, prosecution history estoppel is a matter to be determined by the court." *Festo Corporation v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,* 344 F.3d 1359, 1368 (Fed.Cir.

Cir.2003). Accordingly, the defendants' ensnarement defense will be litigated in a sepa-

2003) (citing *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 39 n. 8, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997)). "Questions relating to the application and scope of prosecution history estoppel thus fall within the exclusive province of the court." *Id.* This determination will remain within the province of the court even if there are underlying facts that must be determined. *Id.* at 1368 n. 3 (citing *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 980–81 (Fed.Cir.1995) (en banc) (in the context of claim construction holding that the trial court can take evidence)). If ensnarement should be adjudicated in a manner analogous to prosecution history estoppel (and the case law indicates that it should), it would seem that ensnarement, and any underlying facts upon which an ensnarement determination might depend, should be determined by the Court.

Furthermore, *Loctite* indicates that ensnarement is not an application of the doctrine of equivalents, but a legal principle that precludes its applicability. Accordingly, ensnarement, as one of the "various legal limitations on the application of the doctrine of equivalents [, is] to be determined by the court as a matter of law." *Abbott Laboratories v. Dey, L.P.,* 287 F.3d 1097, 1103 (Fed.Cir.2002).

■ The Court notes, however, that the Federal Circuit has not clearly foreclosed possible jury involvement in the ensnarement determination. In *Interactive Pictures Corp. v. Infinite Pictures, Inc.,* 274 F.3d 1371 (Fed.Cir.2001), ensnarement was presented to the jury. On appeal, the Federal Circuit reached its conclusion regarding ensnarement "independently of the jury's verdict," but stated that, because the Court "reach[ed] the same conclusion as the jury," it did not need to "address the level of deference to which a jury's verdict is entitled in conducting a

rate proceeding before the Court. SO ORDERED."

hypothetical claim analysis." 274 F.3d at 1381. In addition, the Court in *Wilson,* in conducting its *de novo* review of the ensnarement issue, "presume[d] that the jury resolved underlying evidentiary conflicts in [the prevailing party's] favor." *Wilson,* 904 F.2d at 684. Similarly, in *Jurgens v. McKasy,* 927 F.2d 1552 (Fed.Cir.1991), the Federal Circuit appears to have predicated its ensnarement analysis upon the jury's presumed factual determinations. 927 F.2d at 1561. In light of the fact that the Federal Circuit repeatedly refers to ensnarement as a legal question, however, the Court does not take the view that these cases mandate jury involvement in the ensnarement determination. Instead, the Court concludes that the references to the jury's findings in *Wilson, Interactive Pictures,* and *Jurgens,* should be interpreted as standing for the more modest proposition that in cases where the jury has made factual determinations, these findings may serve as the factual starting point for an ensnarement analysis.

For the foregoing reasons, ensnarement will be litigated before the Court in a separate proceeding.